**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-6038

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RICKY LEE TYNDALL,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Senior District Judge. (2:10-cr-00200-RBS-DEM-1; 2:16-cv-00311-RBS)

Submitted: August 20, 2019        Decided: August 26, 2019

Before GREGORY, Chief, Judge, WILKINSON, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Ricky Lee Tyndall, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Lee Tyndall seeks to appeal the district court's orders dismissing his 28 U.S.C. § 2255 (2012) motion and denying reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012).

When the district court denies relief on the merits, a movant satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Tyndall has not made the required showing. In his § 2255 motion, Tyndall claimed his 18 U.S.C. § 924(c) (2012) convictions should be vacated under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The predicate offenses for his convictions were Hobbs Act robberies committed on September 29, 2010 and October 1, 2010. In light of *United States v. Mathis*, No. 16-4633, __ F.3d __, 2019 WL 3437626, at *16 (4th Cir. July 31, 2019) (holding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)"), we conclude that his § 2255 motion fails to state a debatable claim of the denial of a constitutional right.

Accordingly, we deny Tyndall's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*